IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES HENRY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:10CV112 |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendant(s). | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner of the State of North Carolina, has filed this action on the forms for filing a complaint under 42 U.S.C. § 1983. (Docket Entry 2.) He also makes a request to proceed *in forma pauperis*. (Docket Entry 1.) In the Complaint, Plaintiff alleges that, in October 2005, he sought treatment from the Veterans Administration Medical Center in Salisbury, North Carolina, because he was going through an "emotional crisis." (Docket Entry 1, § V.) According to Plaintiff, he was screened by a psychiatrist who he refers to as "Dr. Jane Doe." (*Id.*) Plaintiff claims to have told her that he was considering hurting himself and others because his life was out of control. Plaintiff also allegedly reported his belief that his wife was having an affair and stated that he would kill his wife and her lover if he caught them together. (*Id.*) Plaintiff's other alleged statements to Dr. Doe included that he believed that his wife was "spreading lies" about him within the family concerning his drug use, that she was having him followed, and that she and her lover planned to kill him. (*Id.*)

The Complaint alleges that "Dr. Jane Doe dismissed [Plaintiff's] allegations as being frivolous and recommended that [he] enter their drug treatment program." (*Id.*) Plaintiff asserts that he agreed and was scheduled to enter the program about three months later. (*Id.*) Unfortunately, about three weeks later, Plaintiff reports that he "lost total control of [his] very being" and killed his mother-in-law with a steak knife. (*Id.*) He also injured his sister-in-law. (*Id.*) According to the Complaint, Plaintiff was arrested and charged in state court, whereafter he began an extended stay in a psychiatric hospital, after which he was finally found competent to stand trial. (*Id.*) Plaintiff does not state the outcome of the trial, but records from the North Carolina Department of Correction indicate that Plaintiff is currently serving a total sentence of more than thirty years based on convictions for manslaughter, first-degree burglary, and assault with a deadly weapon inflicting serious injury. *See* http://www.doc.state.nc.us/offenders (search for "James H. Smith," DOC number 0376874, last completed Feb. 25, 2010).

Based on the foregoing facts, Plaintiff has filed his claim under § 1983. He contends that Dr. Jane Doe's conduct so "seriously departed from the most fundamental standards of accepted medical practice" that it was "inappropriate, grossly incompetent and recklessly inadequate, rising to a level of constitutional deprivation." (Docket Entry 2, § V.) Plaintiff brings this action against the United States, the W.G. Bill Hefner Veterans Administration Medical Center in Salisbury, and Dr. Jane Doe. Plaintiff seeks monetary damages in the amount of $36,180,000 as relief for his alleged injuries. (*Id.*, § "IV. [sic] Relief".)

Because Plaintiff is a prisoner seeking redress from government officials and because he seeks to proceed in this action *in forma pauperis*, this Court must assess the Complaint under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). Under those statutes, the Court must dismiss a complaint if it is frivolous, fails to state a claim upon which relief may be granted, or requests relief from a defendant with immunity from such relief. As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court

must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. *See*, *e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); *Pierson v. Ray*, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity). *Cf. Allen v. Burke*, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

The instant Complaint purports to state claim under 42 U.S.C. § 1983. However, that statute is limited to claims brought against defendants who have violated a plaintiff's constitutional rights while acting "under color of state law." *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (2009). Plaintiff has named the United States government, a federally controlled hospital, and a doctor employed by that hospital as the defendants in this action. The federal government and its employees do not "act under color of state law" and are, therefore, not amenable to suit under § 1983. *Davis v. Passman*, 442 U.S. 228, 238

n.16 (1979). Accordingly, Plaintiff has not stated a claim under § 1983 against any defendant.

Alternatively, a plaintiff can proceed against *individual* defendants pursuant to 28 U.S.C. § 1331 by alleging that federal employees violated his constitutional rights. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[1] Therefore, Plaintiff could at least theoretically proceed against Dr. Jane Doe under *Bivens*. Such actions are almost always subject to the same principles which govern actions brought pursuant to 42 U.S.C. § 1983. *See Carlson v. Green*, 446 U.S. 14 (1980).

In this case, Plaintiff has not pled sufficient facts to state a constitutional violation against Dr. Jane Doe. Plaintiff claims only that Dr. Jane Doe provided him with improper treatment based on the symptoms he reported to her, but attempts to turn this allegation into a constitutional violation by adding words such as "grossly incompetent" and "recklessly inadequate." (Docket Entry 2, § V.) Plaintiff appears to draw his language from cases filed by prisoners or on behalf of persons subject to involuntary commitment orders. *See Patten v. Nichols*, 274 F.3d 829, 833-42 (4th Cir. 2001).

Although Plaintiff is currently a prisoner and, for a period of time, was involuntarily committed, he was neither incarcerated nor committed at the time he sought treatment from Dr. Jane Doe under the facts alleged in the Complaint. Prisoners and wards of the state have constitutional rights to a certain standard of medical care because the government assumes

---

[1] *Bivens* actions do not lie against government entities. *See Correctional Servs.. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486 & n.11 (1994).

responsibility for their welfare while they remain confined. See id. at 836-37. "'The affirmative duty to protect [under the Constitution] arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf.'" Id. at 837 (quoting *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 199-200 (1989)).

The Court finds no authority extending a constitutional right to a particular level of medical care to non-confined persons. Moreover, "the law does not convert every potentially tortious act into a deprivation of constitutional rights simply because the alleged tort feasor happens to be a government actor." *Wagner v. Wheeler*, 13 F.3d 86, 93 (4th Cir. 1993). Plaintiff, therefore, cannot state a claim for relief by alleging a constitutional violation based on medical care he received prior to any confinement.[2]

Plaintiff's inability to state a claim under § 1983 or *Bivens* does not mean that he lacks any legal recourse. As already noted, his Complaint raises claims of negligent treatment and medical malpractice by an employee of the federal government. Such claims can be brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680. *See*, *e.g.*, *United*

---

[2] Nor could Plaintiff state any claim for a Fifth Amendment Due Process Clause violation if the facts alleged were construed as asserting an improper denial of benefits, rather than a malpractice claim. *See, e.g.*, *Mehrkens v. Black*, 556 F.3d 865, 868 (8th Cir. 2009) (affirming dismissal of veteran's § 1983 and *Bivens* action arising from federal officials' alleged interference with veteran's ability to get proper treatment for post-traumatic stress disorder "because the Veterans' Judicial Review Act of 1988 (VJRA), 38 U.S.C. § 511(a), created an exclusive review procedure for veterans to resolve [such] disputes, [such that federal district courts] lacked jurisdiction over [veteran's] claims despite [his] contention that they sounded in constitutional and tort law").

*States v. Brown*, 348 U.S. 110 (1954); *Murray v. United States*, 329 F.2d 270 (4th Cir. 1964). Given the mandate to construe a pro se complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will treat Plaintiff's Complaint as brought under that Act and will allow it to proceed beyond this initial screening.[3]

One further point merits comment. A plaintiff must exhaust any available administrative remedies before bringing suit under the Federal Tort Claims Act. 28 U.S.C. § 2675(a). Plaintiff states that he has exhausted his administrative remedies as to his claims. (Docket Entry 2, § III.) However, it is not clear exactly what remedies Plaintiff is referencing. Should the United States raise the matter, Plaintiff will have to show that he properly exhausted his administrative remedies as required by the Federal Tort Claims Act.[4]

In the end, Plaintiff has not stated any claim for relief under § 1983 or *Bivens*. However, rather than dismiss the Complaint outright, the Court will allow the case to move forward under the Federal Tort Claims Act. The Court will give Plaintiff until March 26, 2010, to file with the Court a notice of any objection he has to the conversion of his claim from one brought under 42 U.S.C. § 1983 to one brought under the Federal Tort Claims Act.

---

[3]By allowing this Complaint to proceed beyond initial screening, the Court does not intimate any view about Plaintiff's prospects for success. The Court further recognizes that actions under the Federal Tort Claims Act lie against the United States, not its constituent agencies or individuals; however, because formal substitution of the United States for the individual defendant cannot occur prior to certification by the Attorney General that she acted within the scope of her employment as to the matters at issue, 28 U.S.C. § 2679(d)(1), the Court will defer any action regarding the captioning of the case.

[4]Exhaustion in various contexts has generally been treated as an affirmative defense and not as a pleading requirement. *See Jones v. Bock*, 549 U.S. 199, 211-12 (2007).

Plaintiff's failure to give such notice within the time allowed shall constitute consent to such conversion.

The last remaining matter is Plaintiff's request to proceed *in forma pauperis*. In reliance upon the representations set forth in the request, the Court finds that Plaintiff had deposits of $230.00 in his inmate account in the last six months and it is, therefore, determined that he must make an initial partial payment of the fees in this matter.

**IT IS THEREFORE ORDERED** that Plaintiff in the above-named action be, and is hereby, permitted to file and prosecute said action in this Court without prepayment of fees or giving security therefor, subject to the conditions set forth below.

**IT IS FURTHER ORDERED** that the action may proceed as one brought under the Federal Tort Claims Act, not under 42 U.S.C. § 1983 as alleged in the Complaint.

**IT IS FURTHER ORDERED** that, on or before March 26, 2010, Plaintiff shall file with the Court a notice of any objection he has to the conversion of his claim from one brought under 42 U.S.C. § 1983, to one brought under the Federal Tort Claims Act. Any failure by Plaintiff to file such notice within the time allowed shall constitute consent to such conversion.

**IT IS FURTHER ORDERED** that, as a condition to proceed *in forma pauperis*, Plaintiff shall, within sixty (60) days after the date of this Order, submit to the Clerk an initial payment of $7.66 (which represents 20% of the greater of the average monthly deposits into or the balance in Plaintiff's account for the 6-month period immediately preceding filing of

this complaint), and at the same time sign and return the "Consent to Collection of Fees From Trust Account" form, which the Clerk is sending with this Order.

**IT IS FURTHER ORDERED** that, as a condition to proceed *in forma pauperis*, Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of April, and thereafter until the $350.00 filing fee has been paid.

**IT IS FURTHER ORDERED** that this action be filed, but that further proceedings and service of summons be stayed until Plaintiff has either (1) submitted to the Court the sum(s) noted above along with the "Consent to Collection" form, or (2) in the alternative has submitted the "Consent to Collection" form along with a motion for relief from the stay, and a statement made under penalty of perjury that he has not had access to any funds for payment of the sum(s) noted above for the 60-day period.

**FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.**

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

February 25, 2010

ptf-ct1.frm
Section 1983-2/98

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES HENRY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:10CV112 |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendants. | ) |

### CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, prison number _____, hereby consent:

1. for the appropriate prison officials to collect or set aside from my account on a continuing basis each month, starting the month after this action was filed, an amount equal to 20% of each month's income or deposits for the payment of filing fees and costs of this action;
2. that collection shall continue even after my case is dismissed or otherwise decided until the full filing fee and any assessed costs are paid;
3. that I may not withdraw or use any part of these 20% monthly set asides except to pay the court;
4. that the court will order the Trust Officer (or similarly designated official ) to forward payments to the Clerk's Office, U.S. District Court, Post Office Box 2708, Greensboro, North Carolina 27402, until such time as the $350.00 filing fee and any assessed costs are paid in full; and
5. that I understand that any violation or noncompliance by me with the terms of this Consent shall result in the dismissal of the above entitled action with prejudice.

Date: _____    Plaintiff's signature: _____